**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Jesus Santacruz,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>　　　　　　Defendant. | No. CV-09-00504-TUC-CRP<br><br>**ORDER** |

　　　　Maria Santacruz is 37 years old. She completed six years of schooling in Mexico and less than two years in the United States. She speaks and understands only Spanish. She lives with her mother and two children. Her work experience consists of jobs as a cashier, a motel maid, a chili picker, and an assembly worker. She has had multiple back and knee surgeries and suffers, among other things, from low back and knee pain, cognitive deficits, anxiety, and depression.

　　　　Ms. Santacruz filed a claim for supplemental security income in February 2005, alleging to be disabled as of January 1, 2004. Doc. 17, Tr. 177-80. The claim was denied initially and on reconsideration. Tr. 51-54, 86-96. After a hearing on the claim (Tr. 724-40), an administrative law judge ("ALJ") issued an unfavorable decision on November 24, 2006 (Tr. 61-67). The Appeals Council remanded the case for further consideration of Ms. Santacruz's mental impairments, her subjective complaints, her residual functional capacity ("RFC"), and vocational evidence. Tr. 68-72. A hearing before the ALJ was held on October 15, 2008. Tr. 741-61. The ALJ issued a second

decision on March 24, 2009, finding Ms. Santacruz not to be disabled within the meaning of the Social Security Act. Tr. 38-48. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 6-10.

Ms. Santacruz then brought this action for judicial review pursuant to 42 U.S.C. § 405(g). Doc. 1. The issues have been briefed. Docs. 24, 27. Oral argument has not been requested. For reasons stated below, the Court will reverse Defendant's decision and remand for further proceedings.

**I.     Standard of Review.**

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The decision denying benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "This is a highly deferential standard of review: 'Substantial evidence' means more than a mere scintilla, but less than a preponderance." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). In determining whether the decision is supported by substantial evidence, however, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Ryan*, 528 F.3d at 1198 (citation omitted).

**II.    Discussion.**

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show she has not worked since the alleged disability onset date, she has a severe impairment, and her impairment meets or equals a listed impairment or her RFC precludes her from performing past work. Where the claimant meets her burden, the Commissioner must show that the claimant is able to perform other work. *See* 20 C.F.R. § 416.920; *Valentine*, 574 F.3d at 689.

Plaintiff has met her burden. She has not worked successfully since the alleged onset date. Tr. 210-11, 746-47. She has multiple severe impairments: low back pain,

status post lumbar microdiscectomy, status post right knee meniscectomy, panic attacks, major depressive order, and borderline intellectual functioning. Tr. 40-43, ¶ 2. While those impairments do not meet or equal a listed impairment (Tr. 44, ¶ 3), they do preclude Plaintiff from performing her past work (Tr. 47, ¶ 5). Plaintiff is not disabled, the ALJ found, because she has the RFC to perform the sedentary unskilled job of assembly production worker. Tr. 45-47, ¶¶ 4, 9.

Plaintiff claims that the ALJ committed multiple errors in connection with the nature and severity of her impairments, her functional limitations, the medical opinions, her symptom testimony and the statement of her mother, and the relevant occupational base. Doc. 24. Defendant argues that the ALJ did not err and his decision is supported by substantial evidence. Doc. 27.

As explained more fully below, the Court finds that the ALJ erred by ignoring the opinion of examining psychiatrist Dr. James Reed and by discrediting the testimony of Plaintiff and the statement of her mother. Those errors require reversal of Defendant's decision and a remand for further proceedings. The Court accordingly need not address Plaintiff's other arguments.

**A.   The Opinion of Dr. James Reed.**

After the Appeals Council remanded the case, Plaintiff was examined by Dr. Reed on June 26, 2008. Tr. 696-700. Dr. Reed diagnosed severe major depression, panic disorder, and borderline intellectual functioning, and found Plaintiff's condition to be "rather static." Tr. 698. In a medical source statement concerning the ability to do work-related activities, Dr. Reed opined that Plaintiff has extreme limitations in the ability to make judgments on complex decisions and understand, remember, and carry out complex instructions. He further opined that Plaintiff has moderate limitations with respect to simple decisions and instructions and the ability to respond appropriately to usual work situations and to changes in a routine work setting. Noting evidence of borderline intellectual functioning in psychological testing, Dr. Reed found an "inability to recall" and an "impaired ability to concentrate." Tr. 701-03.

Plaintiff argues that the ALJ erred in failing to consider the opinion of Dr. Reed. Doc. 24 at 4-8.  She is correct.

The law is clear: "The ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  The regulations explicitly provide that, "[r]egardless of its source, we will evaluate every medical opinion we receive."  20 C.F.R. § 416.927(d).  Opinions from any medical source, even on issues reserved to the Commissioner, "must never be ignored."  SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996).  Instead, the ALJ "is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability[.]" *Id.*

The opinion of Dr. Reed, an examining physician, clearly is material to the question whether Plaintiff is disabled.  *See* 20 C.F.R. § 416.927(d)(1) (more weight is to be given to "the opinion of a source who has examined [the claimant] than to the opinion of a source who has not"); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (discussing the weight an ALJ should give to various medical opinions).  The ALJ's failure to consider and evaluate the opinion of Dr. Reed constitutes legal error.  *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1037 & n.10 (9th Cir. 2007) (ALJ erred where he only briefly mentioned one treating physician's opinion and ignored another opinion that the claimant was disabled); *Robinson v. Barnhart*, 469 F. Supp. 2d 793, 797-98 (D. Ariz. 2006) (ALJ's decision was in error and not supported by substantial evidence where he ignored aspects of a doctor's opinion).

Defendant proffers reasons to support the ALJ's disregard of Dr. Reed's opinion. Specifically, Defendant asserts that based on mental limitations resulting in substantial loss of ability to perform basic work activities, such as the marked limitations found by Dr. Reed (Tr. 701), "the unskilled sedentary occupational base 'may or may not' be significantly eroded[.]"  Doc. 27 at 20; *see* Doc. 24 at 20-22.  But even if the record supported a finding that the relevant occupational base is not significantly eroded, the Court is "constrained to review the reasons the ALJ asserts" – not the *post hoc*

contentions of Defendant.  *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

Defendant further asserts that the failure to consider Dr. Reed's opinion in no way undermines the ALJ's decision because the vocational expert testified that a person with the limitations found by Dr. Reed would be able to perform a production assembly job. Doc. 20 at 20.  Harmless error has been found where "it was clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)).

Careful consideration of Dr. Reed's narrative report reasonably could have affected the ALJ's adverse credibility determination.  Plaintiff's statements to Dr. Reed regarding her daily activities and symptoms (Tr. 697) are entirely consistent with her hearing testimony (Tr. 750-52), and Dr. Reed specifically found that the medical records support Plaintiff's statements (Tr. 698).  Given the clear requirement that every medical opinion be evaluated, *see* 20 C.F.R. § 416.927(d), the Court cannot "confidently conclude" that the ALJ's silent disregard of Dr. Reed's opinion is harmless.  *Stout*, 454 F.3d at 1056; *see Lawley v. Astrue*, No. CV-10-5105-JPH, 2012 WL 214588, at *5 (E.D. Wash. Jan. 24, 2012) (ALJ's error with respect an examining psychologist's opinion was not harmless where the opinion was consistent with the claimant's testimony).

### B.  The Testimony of Plaintiff.

A claimant's subjective complaints, including pain, must be considered when making a disability determination.  20 C.R.F. § 404.1529.  "Pain of sufficient severity caused by a medically diagnosed 'anatomical, physiological, or psychological abnormality' may provide the basis for determining that a claimant is disabled." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (citation omited).  "Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on lack of objective medical evidence to fully corroborate the alleged severity of pain."  *Moisa v. Barnhart*, 367 F.3d 882, 885

(9th Cir. 2004); *see Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996); 20 C.F.R. § 416.929(c)(2); SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996).

Plaintiff testified that her knees, feet, and hands "hurt a lot" and that she sometimes falls down and drops things due to loss of strength. Tr. 747-48. She can sit for about two hours but then needs to lie down for a while. Tr. 750. While she has both "good days and bad days," the latter happen two or three times a week. Tr. 750-51. She also suffers panic attacks a few times a week, which make her feel like she is choking and leave her "very tired." Tr. 752; *see* Tr. 697.

The ALJ evaluated Plaintiff's testimony using the two-step analysis established by the Ninth Circuit. *See Smolen*, 80 F.3d at 1281. Applying the test of *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986), he determined that Plaintiff's medically determinable impairments reasonably could cause her alleged symptoms. Tr. 45. Given this conclusion, and because he found no evidence of malingering, the ALJ was required to present "specific, clear and convincing reasons" for finding Plaintiff's testimony not credible. *Smolen*, 80 F.3d at 1281. This standard is "the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

The ALJ gives several reasons for finding Plaintiff's symptom testimony not credible. Tr. 46. None is convincing.

The ALJ first asserts that Plaintiff's treatment for back and knee pain has been "essentially routine and/or conservative in nature," but cites no evidence in support of this assertion. Plaintiff had surgery on her left knee in 2003 (Tr. 549), surgery on her right knee in 2004 and again in 2007 (Tr. 617, 682), and back surgery in 2004 (Tr. 548). The ALJ does not explain, and it otherwise is not clear to the Court, how undergoing multiple surgeries constitutes routine and conservative treatment.

The ALJ recognizes that Plaintiff's surgeries suggest that her alleged symptoms are genuine and this fact normally would weigh in her favor. He nonetheless finds the

symptom testimony not credible because "the record reflects" that the surgeries and mental health treatment have been "successful." Tr. 46. The ALJ cites no evidence in support of this assertion. This Circuit has made clear that "general findings are an insufficient basis to support an adverse credibility determination." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). The ALJ "must specifically identify the testimony [he] finds not to be credible and must explain what evidence undermines the testimony." *Id.*; *see Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ has not met his burden. He does not identify the evidence purportedly showing that Plaintiff's surgeries and mental health treatment have been successful. In short, the ALJ fails to state "*specifically* which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284 (emphasis added). It is worth noting that certain evidence shows Plaintiff's back surgery failed, resulting in "no improvement postoperatively in her pain." Tr. 607; *see* Tr. 407.

The ALJ further asserts that the alleged symptoms "are not corroborated by the objective medical evidence." Tr. 46. The ALJ erroneously "imposed a burden on [P]laintiff she did not have under the governing Ninth Circuit law." *Battle v. Astrue*, No. CV 09-2162-DTB, 2010 WL 2569235, at *4 (C.D. Cal. June 21, 2010). Once a claimant has presented medical evidence of an underlying impairment, as Plaintiff has done in this case, "the ALJ may not discredit the claimant's testimony regarding subjective pain and other symptoms merely because the symptoms, as opposed to the impairments, are unsupported by objective medical evidence." *Perez v. Astrue*, No. CV 09-4600-MLG, 2010 WL 1051128, at *4 (C.D. Cal. Mar. 18, 2010); *see Lingenfelter*, 504 F.3d at 1035-36; *Robbins*, 466 F.3d at 884. The ALJ himself recognizes that the credibility determination was necessary *because* Plaintiff's "statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence[.]" Tr. 45; *see* SSR 96-7p, at *2.

Contrary to the ALJ's assertion (Tr. 46), there is evidence showing Plaintiff

1    experiences auditory and visual hallucinations.  According to the report of Dr. Reed,
2    Plaintiff hears voices, "which she believes are coming from the next room, that people
3    are laughing and/or talking about her[.]"  Tr. 696.  Plaintiff also sees "shadows
4    approaching her from the periphery of her vision which startle her, even though she has
5    never been able to find a reason for the shadows."  Tr. 697.  It is not surprising that the
6    ALJ found no evidence of hallucinations given that he failed to consider Dr. Reed's
7    report.

8         The final reason the ALJ gave for finding Plaintiff not credible is that she has
9    "described daily activities which are not limited to the extent one would expect, given the
10   complaints of disabling symptoms and limitations."  Tr. 46.  The ALJ states that Plaintiff
11   is able to cook, shop, and do household cleaning.  *Id.*  But the ALJ ignores the limited
12   nature of those activities.

13        Plaintiff testified that she needs to "sit down for a while" when cooking and her
14   mother helps with both the cooking and shopping.  Tr. 751.  She further stated that she
15   "cannot even wash dishes" and back pain keeps her from doing the "most minimal
16   chore."  Tr. 199.  She reported to Dr. Reed that "her mother takes responsibility for
17   cooking, for the major chores and shopping."  Tr. 697.  Her mother also "takes care of the
18   children and her on most days" given that the pain renders her "unable to follow through
19   on simple tasks."  Tr. 696.  These limitations are nowhere to be found in the ALJ's
20   decision.

21        Plaintiff has stated that she has "difficulty getting up in the morning and doing
22   personal hygiene" and "cannot wash or dry [her] hair."  Tr. 196, 199.  She "no longer
23   wants to put on make-up or fix herself up."  Tr. 262-63.  The report of examining
24   psychologist Dr. Huntley Hoffman notes that Plaintiff has depression with symptoms that
25   include "reduced hygiene and grooming[.]"  Tr. 611.  Some days Plaintiff does not feel
26   like bathing or grooming, and she "has gone up to three days without bathing."  Tr. 612.
27   Her mother helps "with everything, even dressing and bathing her."  Tr. 262-63.  The
28

ALJ clearly erred in finding that Plaintiff "requires no assistance in personal grooming or dressing." Tr. 46.

The ALJ concludes that Plaintiff "has maintained a somewhat normal level of daily activity and interaction." Tr. 46. But even if the record supported such a finding, this Circuit has made clear that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Stated differently, the mere fact that a claimant engages in normal daily activities "does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). An ALJ may consider a claimant's activities in assessing credibility, but "[t]his line of reasoning clearly has its limits[.]" *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Because "many home activities are not easily transferrable to what might be the more grueling environment of the workplace," an ALJ may reject symptom testimony based on activities only where the ALJ makes a "specific finding" that they "*are* transferrable to the work setting" and form a "substantial part" of the claimant's day. *Id.* (emphasis in original).

The ALJ has not met his burden. He fails to account for the limited nature of Plaintiff's activities. He notes that Plaintiff spends time with her children and mother (Tr. 46), but fails to explain how that activity translates into an ability to perform regularly in the workplace.

The Court finds, and Defendant does not genuinely dispute (Doc. 27 at 21), that the ALJ failed to provide a convincing reason for concluding that Plaintiff's activities render her symptom testimony not credible. *See Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) (the claimant's limited activities did not constitute convincing evidence that he could function regularly in a work setting); *Benecke v Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (rejecting the ALJ's credibility finding where it was based in large part on the claimant's ability to carry out certain routine tasks); *Orn v. Astrue*, 495 F.3d 625, 639

(9th Cir. 2007) (the ALJ erred where the claimant's activities did not contradict his symptom testimony and failed to meet the threshold for transferable work skills); 20 C.F.R. § 416.972(c) ("we do not consider activities like taking care of yourself [and] household tasks . . . to be substantial gainful activities").

The Court recognizes that questions of credibility are the province of the Commissioner. *See Valentine*, 574 F.3d at 693. Absent evidence of malingering, however, "'the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing.'" *Id.* (citation omitted). Considering the entire record as a whole and in the proper context, *see Ryan*, 528 F.3d at 1198, the Court concludes that the reasons provided for finding Plaintiff not credible are neither convincing nor supported by substantial evidence.

### C. The Statement of Plaintiff's Mother.

In determining whether a claimant is disabled, the ALJ "must consider lay witness testimony concerning a claimant's ability to work." *Stout*, 454 F.3d at 1053; *see* 20 C.F.R. §§ 416.913(d)(4). Indeed, because testimony from family and friends may provide insight into the severity of the impairments and how they affect the claimant's ability to function, *see* SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006), such testimony constitutes "'competent evidence'" and therefore cannot be disregarded without comment. *Stout*, 454 F.3d at 1053 (citation omitted). If the ALJ wishes to discount the testimony of lay witnesses, he must give legitimate reasons that are germane to each witness. *Id.*; *see Lewis*, 236 F.3d at 511.

Plaintiff's mother, Analicia Borquez, completed a third-party statement on April 19, 2007. She stated that after the back surgery, Plaintiff has had "trouble walking and bending" and "loses strength." Her "pain is stronger from the back to the feet" following the second surgery on the right knee. She no longer attends church given that she is unable to remain seated. She cries a lot due to her back and leg pain, and the pain has "given her much depression, anxiety attacks, and insomnia." She feels hurt that her

mother must be "in charge of her two children" and must "do everything to take care of [the] household." Tr. 262-63.

The ALJ does not explicitly discredit Ms. Borquez's statement, but instead finds that it corroborates Plaintiff's allegations. Tr. 45. The Court agrees with that finding with respect to Plaintiff's testimony that she is able to engage in only limited daily activities due to severe pain, depression, and anxiety attacks. Ms. Borquez's statement clearly does not support the ALJ's finding that Plaintiff has maintained a "normal level" of daily activity and interaction. Tr. 46.

Defendant cites *Greger v. Barnhart*, 464 F.3d 968 (9th Cir. 2006), for the proposition that lay testimony may be rejected where the witness and the claimant have a close relationship. Doc. 22 at 26. But the ALJ did not reject Ms. Borquez's statement on that ground. The Court "cannot affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). The ALJ, not this Court, "is required to provide specific reasons for rejecting lay testimony." *Stout*, 454 F.3d at 1054.

Moreover, the fact that a lay witness has a close relationship with the claimant "cannot be a ground for rejecting his or her testimony." *Smolen*, 80 F.3d at 972. "To the contrary, testimony from lay witnesses who see the claimant every day is of particular value." *Id.*; *see Solorzano v. Astrue*, No. ED CV 11-369-PJW, 2012 WL 84527, at *4 (C.D. Cal. Jan. 10, 2012). The statement of Ms. Borquez is of particular value given that she has "seen all [of Plaintiff's] suffering." Tr. 262-63.

Defendant's reliance on *Greger* is misplaced. The witness's testimony in *Greger*, unlike that of Ms. Borquez, was rejected in part because it was inconsistent with the claimant's presentations to treating physicians. 464 F.3d at 972. While the ALJ in *Greger* noted the close relationship between the witness and the claimant, the relationship was not the sole reason for rejecting the witness's testimony. Indeed, Defendant himself recognizes that the lay testimony in *Greger* was rejected based on both "medical

evidence and [a] close relationship to the claimant[.]"  Doc. 27 at 26.

In summary, the Court concludes that the ALJ erred in evaluating the statement of Plaintiff's mother.  *See Smolen*, 80 F.3d at 972.

**III.     Remedy.**

The legal errors committed by the ALJ require that the decision denying benefits be reversed.  The Court has discretion to remand for further development of the record or for an award benefits.  42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 1172, 1173-74 (9th Cir. 2000).  This Circuit has held that a remand for further administrative proceedings is appropriate where "enhancement of the record would be useful."  *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citing *Harman*, 211 F.3d at 1178).

In this case, enhancement of the record clearly would be useful.  There has been no vocational expert testimony as to whether Plaintiff would be able to work if her symptom testimony and the statement of her mother were to be credited as true.   Nor is it clear from the opinion of Dr. Reed that Plaintiff is disabled.  The finding that Plaintiff is unable to perform her past work as a cashier, a motel maid, a chili picker, and an assembly worker does not establish disability as those jobs require greater than sedentary work.  Tr. 757.

In addition, medical records from Plaintiff's rheumatologist, Dr. Deborah Powers, have not been made part of the administrative record.  *See* Doc. 24-3.  Those medical records were discussed at the hearing (Tr. 748) and counsel for Plaintiff claims to have provided them to the ALJ (Tr. 49-50, Doc. 24-3 at 1), but they are not included in the record and therefore were not evaluated by the ALJ.  Further development of the record in this regard would be useful.

The Court concludes that the case should be remanded for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g).  Given this ruling, it need not be determined whether remand is required based on Plaintiff's other challenges to the decision denying benefits.  Under a sentence six remand, the Commissioner shall consider the new evidence and modify or affirm the findings of fact or decision, "and

shall file with the court any such additional and modified findings of fact and decision[.]" 42 U.S.C. § 405(g).  Should the decision on remand be unfavorable to Plaintiff, the Court will then be able to consider all challenges to that decision in light of how the new evidence was considered.

**IT IS ORDERED:**

1. Defendant's decision denying benefits is reversed.
2. The case is remanded for further administrative proceedings.
3. The Clerk is directed to enter judgment accordingly.

Dated this 15th day of February, 2012.

*/s/ Charles R. Pyle*
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE